# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:08cv608-RJC

| | |
|---|---|
| GEORGE KARSKI, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRAZILIAN RESOURCES, INC., )<br>)<br>Defendant. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion for Default Judgment (Doc. No. 9), Defendant's Response (Doc. No. 12), Plaintiff's second Motion for Default Judgment (Doc. No. 14), Defendant's Response (Doc. No. 16), and Plaintiff's Reply (Doc No. 17). Defendant filed a Motion to Dismiss (Doc. No. 15), Plaintiff filed a Response (Doc. No. 18), and Defendant filed a Reply (Doc. No. 21). Plaintiff filed a Motion to File a Second Amended Complaint (Doc. No. 19), Defendant filed a Response (Doc. No. 22), and Plaintiff filed a Reply (Doc. No. 23). The Magistrate Judge issued a Memorandum and Recommendation ("M&R"), recommending that Defendant's Motion to Dismiss be granted and Plaintiff's Motion to Amend be denied. Plaintiff filed Objections (Doc. No. 25) and Defendant filed a Reply (Doc. No. 26), which are now before the Court.

For the reasons stated below, the Court **DENIES** Plaintiff's Motions for Default Judgment (Doc. Nos. 9 & 14), **GRANTS** Defendant's Motion to Dismiss (Doc. No. 15), and **DENIES** Plaintiff's Motion to Amend the Complaint (Doc. No. 19).

1

## I. BACKGROUND

The parties made no specific objections to the findings of fact contained in the Magistrate Judge's M&R. After a careful review of the record in this case, the Court adopts the factual findings made by the Magistrate Judge on pages two through eight of the M&R filed on May 4, 2009, for purposes of this Order.[1]

## II. STANDARD OF REVIEW

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)). Where timely objections are not filed, a district court is not required to conduct a de novo review, but must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quoting Fed. R. Civ. P. 72 advisory committee note) (internal quotation omitted). Accordingly, the Court has conducted a de novo review of those portions of the magistrate judge's decision specifically objected to by the defendant and has conducted a careful review of the remainder for clear error.

In its review of a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs, Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing

---

[1] Additionally, as stated in the M&R, the terms of the 2005 Consulting Agreement and the 2005 Stock Agreement provide that their terms shall be governed by the laws of New Hampshire. Neither party objected to the application of New Hampshire law.

any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1960 (2009) (quoting Bell Atlantic, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

## III. DISCUSSION

### A. Default Judgement

"To obtain a default judgment, a party must first seek an entry of default under Federal Rule of Civil Procedure 55(a)." Hayhurst v. Liberty Int'l Underwriters, Inc., No. 5:08cv107, 2009 U.S. Dist. LEXIS 5347, *2 (N.D. W.Va. Jan. 29, 2009); see Eagle Fire, Inc. v. Eagle Integrated Controls, Inc., No. 3:06cv264, 2006 U.S. Dist. LEXIS 41054, at *14 (E.D. Va. June 26, 2006) ("The entry of default is a procedural prerequisite to the entry of a default judgment."). Rule 55(a) states that the clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).

After the clerk enters a default, the party may seek a default judgment under Rule 55(b). Rule 55(b) "authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982).

Default judgments are generally disfavored in the Fourth Circuit. Tazco, Inc. v. Dir., OWCP, 895 F.2d 949, 950 (4th Cir. 1990). "Furthermore, it is recognized that default judgments are inappropriate when a party untimely files an answer or other defensive pleading by only a few days."

3

Mitchell v. First Cent. Bank, Inc., No. 2:08cv6, 2008 U.S. Dist. LEXIS 68109, at *4 (N.D. W.Va. Sept. 8, 2008) (denying entry of default judgment when defendant did not file an answer until ten days after time expired); see Dow v. Jones, 232 F. Supp. 2d 491, 495 (D. Md. 2002) (denying entry of default when defendant filed a motion to dismiss three days late); United States v. Mraz, 274 F. Supp. 2d 750, 756 (D. Md. 2003) (denying government's motion for default judgment when defendant did not file an answer until twenty-one days after time expired).

According to Rule 15(a), "Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 10 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a). Here, the Court issued an Order on February 3, 2009, requiring BZI to file a response within 10 days after BZI has been properly served with the Amended Complaint. (Doc. No. 7 at 1). BZI was served with the Amended Complaint on February 17, 2009. Therefore, pursuant to the Court's Order, the Answer was due February 27, 2009. BZI filed its Motion to Dismiss on March 9, 2009.[2] Despite the late filing, however, a default judgment is not warranted in this case. The motion to dismiss was filed only a few days late. Additionally, Karski has not made a showing that he was prejudiced by the late failing, and the Clerk has not entered default pursuant to Rule 55(a). Therefore, the Court denies Plaintiff's Motions for Default Judgment.

    A.    **Defendant's Motion to Dismiss**

        1.    **Breach of Contract**

In the First Amended Complaint (Doc. No. 3), Karski alleges three causes of action: breach

---

[2] In its Response to the Motion for Default Judgment, BZI explains that it believed the Motion to Dismiss was not due until March 9, 2009 because the text of the docket entry for the Returned Executed Summons (Doc. No. 13) states, "Brazilian Resources Inc served on 2/17/2009, answer due 3/9/2009."

4

of contract (Count I); misrepresentation or fraud (Count II); and intentional or negligent infliction of emotional distress (Count III). Count I is based on BZI's alleged failure to grant Karski a 40% interest in SecureFoods, Inc. in exchange for Karski's consulting.

In the Motion to Dismiss, BZI argues that the 2005 Consulting Agreement and 2005 Restricted Stock Agreement ("the 2005 Agreements") explain how Karski would be compensated for his consulting services. According to the Consulting Agreement, Karski "shall receive no cash compensation for his services." (Doc. No. 15-8 at 3). Instead, in consideration of his services, Karski would receive 1,250,000 shares of stock in BZI. (Id.). The 2005 Agreements do not provide Karski with any interest in SecureFoods, Inc.

Further, the Consulting Agreement contains an integration clause, which states "This Agreement and the Restricted Stock Award Agreement supersede any and all agreements, either oral or written, between the parties hereto with respect to the performance of Services by Consultant for Company and contain all the covenants and agreements between the parties with respect to the performance of such Services in any manner whatsoever." The Restricted Stock Agreement provides a similar integration clause, "This Agreement and the [Consulting] Agreement constitute the entire agreement and understanding of the parties hereto concerning the subject matter hereof and from and after the date of this Agreement, this Agreement shall supersede any other prior negotiations, discussions, writings, agreements, or understandings, both written and oral, between the parties with respect to such subject matter." (Doc. No. 15-9 at 6). Both Agreements were fully executed on December 30, 2005.

In the Motion to Dismiss, BZI argues that it never agreed to provide Karski with interest in SecureFoods, Inc. Even if BZI contracted to provide Karski with stock interest in SecureFoods, Inc.

5

in 2003, the 2003 agreement was superceded by the later 2005 Agreements, which granted Karski no interest in SecureFoods, Inc.

In the M&R, the Magistrate Judge adopted the reasons stated in BZI's Motion to Dismiss, recommending that Karski's claim for breach of contract be dismissed. Karski "objected" to the M&R and merely reiterated his allegation that BZI agreed in 2003 that Karski would own 40% of SecureFoods, Inc. Karski fails to reconcile the alleged agreement in 2003 with the 2005 Agreements. Karski cannot base his breach of contract claim on an agreement that was later superseded by the 2005 Agreements. See Emery v. Caledonia Sand & Gravel Co., 374 A.2d 929, 932 (N.H. 1977) ("When two parties have made a contract and have expressed it in a writing to which they both assented as the complete and accurate integration of that contract, evidence, whether parol or otherwise, of antecedent understandings and negotiations will not be admitted for the purpose of varying or contradicting the writing.") (internal quotation marks omitted). Because the 2005 Agreements did not provide Karski with any interest in SecureFoods, Inc., the Court grants BZI's Motion to Dismiss as to Karski's breach of contract claim.

2.  **Fraud**

In Count II, Karski alleges that BZI committed fraud by repeatedly assuring Karski that capital funding and project implementation was forthcoming. In the Motion to Dismiss, BZI argues that Karski fails to meet the first element of fraud because he fails to allege that the assertions about funding and implementation were false. Even if the assertions were false, BZI argues that it may not be held liable for representations concerning merely an opinion or prediction about the future. Finally, BZI argues that Karski failed to meet the strict pleading requirements of for fraud and misrepresentation.

The Magistrate Judge adopted Defendant's reasoning and dismissed Karski's fraud claim. Karski "objects" and quotes from a February 2, 2009 letter from Karski's long-time friend, Arthur Harrington. The letter states that Harrington met with Dan Titcomb, President and CEO of BZI, and Titcomb stated that he intended to exclude Karski "from the final structure of the deal as he would be not needed." (Doc. No. 20-2 at 3). Karski cites this letter "to support[] the allegation that BZ[I] intended to defraud the Plaintiff." (Doc. No. 25 at 1).

Karski's allegation was addressed in the M&R, "Plaintiff's belated allegation that Defendant told a potential investor that the Plaintiff would be "excluded from the deal" - when the Plaintiff, in fact, received 1,250,000 shares of stock - is simply inadequate to support a claim of fraud." (Doc. No. 24 at 11). Karski failed to provide a specific reason for contesting the Magistrate Judge's reasoning. The Court agrees with the M&R's reasoning and, therefore, grants BZI's Motion to Dismiss as to Karski's fraud claim.

### 3. Dismissal Without Prejudice

Karski's last objection states, "While accepting the Court's view that the Amended Complaint failed to clearly state his claims, Plaintiff contends that a dismissal with prejudice is a harsh remedy and that the denial of access to a full hearing on the merits of this case is tantamount to a denial of justice." (Doc. No. 25 at 1). Karski contests the Magistrate Judge's decision to deny Karski's Motion to File a Second Amended Complaint.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). The M&R reviewed the proposed Amended Complaint and found the amendments to be futile. The Court agrees with the reasoning in the M&R.

7

Because Karski's amendments are futile, the Court denies Karski's Motion to File a Second Amended Complaint.

IV.     CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motions for Default Judgment (Doc. Nos. 9 & 14) are **DENIED**;

2. Defendant's Motion to Dismiss (Doc. No. 15) is **GRANTED**;

3. Plaintiff's Motion to File a Second Amended Complaint (Doc. No. 19) is **DENIED**; and

4. Plaintiff's case is **DISMISSED WITH PREJUDICE**.

Signed: July 8, 2009

Robert J. Conrad, Jr.
Chief United States District Judge